**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____     Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.*

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Global Clean Energy Texas, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **GCE Texas, LLC** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **80-5759684** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **6451 Rosedale Highway** | |
| Number        Street | Number        Street |
| | P.O. Box |
| **Bakersfield, CA 93308** | |
| City        State        Zip Code | City        State        Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Kern County** | |
| County | Number        Street |
| | |
| | City        State        Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.gceholdings.com/** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Global Clean Energy Texas, LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**7.   Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5417 - Scientific Research and Development Services**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
| | District | | When | MM/DD/YYYY | Case number | |

Debtor   **Global Clean Energy Texas, LLC**
_____   Case number *(if known)*   _____

Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor   **See Rider 1**     Relationship   **Affiliate**

District   **Southern District of Texas**     When   **04/16/2025**
                                                              MM / DD / YYYY

Case number, if known   _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?   _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other   _____

**Where is the property?**   _____
                                          Number          Street

_____
City                                State        Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency   _____

Contact name   _____

Phone   _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor   **Global Clean Energy Texas, LLC**                                    Case number *(if known)* _____
        Name

| **15. Estimated assets (on a consolidated basis)** | ☐ $0–$50,000<br>☐ $50,001–$100,000<br>☐ $100,001–$500,000<br>☐ $500,001–$1 million | ☐ $1,000,001–$10 million<br>☐ $10,000,001–$50 million<br>☐ $50,000,001–$100 million<br>☐ $100,000,001–$500 million | ☐ $500,000,001–$1 billion<br>☒ $1,000,000,001–$10 billion<br>☐ $10,000,000,001–$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0–$50,000<br>☐ $50,001–$100,000<br>☐ $100,001–$500,000<br>☐ $500,001–$1 million | ☐ $1,000,001–$10 million<br>☐ $10,000,001–$50 million<br>☐ $50,000,001–$100 million<br>☐ $100,000,001–$500 million | ☐ $500,000,001–$1 billion<br>☒ $1,000,000,001–$10 billion<br>☐ $10,000,000,001–$50 billion<br>☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __04/16/2025__
              MM/ DD / YYYY

✗   **/s/ Noah Verleun**                                    Noah Verleun
    Signature of authorized representative of debtor        Printed name

    Title   __Chief Executive Officer__

**18. Signature of attorney**

✗   **/s/ Jason L. Boland**                        Date   __04/16/2025__
    Signature of attorney for debtor                      MM/DD/YYYY

    **Jason L. Boland**
    Printed name

    **Norton Rose Fulbright US LLP**
    Firm name

    **1550 Lamar Street, Suite 2000**
    Number                          Street

    **Houston**                              **Texas**          **77010-3095**
    City                                     State              ZIP Code

    **(713) 651-5151**                        **jason.boland@nortonrosefulbright.com**
    Contact phone                            Email address

    **24040542**                    **Texas**
    Bar number                      State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known):* _____     Chapter   **11**

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Global Clean Energy Holdings, Inc.

- Global Clean Energy Holdings, Inc.
- Agribody Technologies, Inc.
- Bakersfield Renewable Fuels, LLC
- BKRF HCB, LLC
- BKRF HCP, LLC
- BKRF OCB, LLC
- BKRF OCP, LLC
- GCE Holdings Acquisitions, LLC
- GCE International Development, LLC
- GCE Operating Company, LLC
- GCEH CS Acquisition, LLC
- GCEH Ventures, LLC
- Global Clean Energy Texas, LLC
- Rosedale FinanceCo LLC
- Sustainable Oils, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GLOBAL CLEAN ENERGY TEXAS, LLC, | ) Case No. 25-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Global Clean Energy Holdings, Inc. | 6451 Rosedale Highway, Bakersfield, California 93308 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| GLOBAL CLEAN ENERGY TEXAS, LLC, | ) |
| | ) Case No. 25-_____(___) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Global Clean Energy Holdings, Inc. | 100% |

Fill in this information to identify the case:

Debtor name: Global Clean Energy Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CASTLETON COMMODITIES MERCHANT TRADING L.P. 2200 ATLANTIC STREET SUITE 800 STAMFORD, CT 06902 UNITED STATES | ATTN: WILLIAM C. REED II TITLE: CHIEF EXECUTIVE OFFICER PHONE: (203) 564-8100 EMAIL: WILLIAM.REED@CCI.COM | NOTE PAYABLE | | | | $   33,942,247 |
| 2 | BRAGG COMPANIES 6242 PARAMOUNT BLVD. LONG BEACH, CA 90805 UNITED STATES | ATTN: M. SCOTT BRAGG TITLE: CHIEF EXECUTIVE OFFICER, PRESIDENT PHONE: (562) 984-2400 EMAIL: BRAGGS@BRAGGCRANE.COM | TRADE PAYABLE | | | | $   4,093,273 |
| 3 | BRAND SCAFFOLD SERVICES, INC. 6001 OBISPO AV LONG BEACH, CA 90805 UNITED STATES | ATTN: GABRIEL MCCABE TITLE: CHIEF EXECUTIVE OFFICER, PRESIDENT PHONE: (678) 285-1400 EMAIL: GMCCABE@BRANDSAFWAY.COM | TRADE PAYABLE | | | | $   2,356,079 |
| 4 | GEOSYSTEMS INTERNATIONAL, INC. 2385 NW EXECUTIVE CENTER DR. SUITE 100 BOCA RATON, FL 33431 UNITED STATES | ATTN: MARIO ROSSI TITLE: PRINCIPAL PHONE: (561) 706-2186 EMAIL: MROSSI@GEOSYSINT.COM | TRADE PAYABLE | | | | $   1,925,508 |
| 5 | ANCON MARINE DBA ANCON, ANCON SERVICES 10571 LOS ALAMITOS LOS ALAMITOS, CA 90720-2113 UNITED STATES | ATTN: BLAKE HARDIN TITLE: CHIEF EXECUTIVE OFFICER PHONE: (844) 566-9090 EMAIL: BLAKEH@ANCONSERVICES.COM | TRADE PAYABLE | | | | $   793,846 |
| 6 | ENTARA LLC 22 CHURCH STREET PO BOX 275 LIBERTY CORNER, NJ 07938 UNITED STATES | ATTN: DEREK BECHT TITLE: CHIEF OPERATING OFFICER PHONE: (908) 394-1248 EMAIL: DJB@ENTARAPARTNERS.COM | TRADE PAYABLE | | | | $   716,792 |
| 7 | INTELINAIR INC 9510 N. MERIDIAN ST., SUITE 200 INDIANAPOLIS, IN 46260 UNITED STATES | ATTN: TIM HASSINGER TITLE: CHIEF EXECUTIVE OFFICER, PRESIDENT, AND BOARD CHAIRMAN PHONE: (833) 692-4674 EMAIL: TIM@INTELINAIR.COM | TRADE PAYABLE | | | | $   670,859 |
| 8 | BECHT INDUSTRIAL GROUP LLC 2150 N INDIANWOOD AVE BROKEN ARROW, OK 74012 UNITED STATES | ATTN: CHARLES BECHT TITLE: CHIEF EXECUTIVE OFFICER PHONE: (713) 903-0044 EMAIL: CBECHT@BECHTINDUSTRIAL.COM | TRADE PAYABLE | | | | $   656,179 |
| 9 | EARTHOPTICS INC 2461 S CLARK ST, STE 840 ARLINGTON, VA 22202 UNITED STATES | ATTN: LARS DYRUD TITLE: CHIEF EXECUTIVE OFFICER, BOARD MEMBER PHONE: (703) 261-9436 EMAIL: LARS.DYRUD@EARTHOPTICS.COM | TRADE PAYABLE | | | | $   641,500 |
| 10 | WEST COAST ENVIRONMENTAL SOLUTIONS INC 2694 LIME AVE SIGNAL HILL, CA 90755 UNITED STATES | ATTN: BERNIE HERRON TITLE: MANAGER PHONE: (562) 448-9510 EMAIL: BERNIEH@WESTCOASTES.COM | TRADE PAYABLE | | | | $   638,863 |

Debtor  Global Clean Energy Holdings, Inc.                                                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | SCHNEIDER ELECTRIC SYSTEMS USA, INC. 70 MECHANIC STREET FOXBORO, MA 02035-2040 UNITED STATES | ATTN: OLIVER BLUM TITLE: CHIEF EXECUTIVE OFFICER AND ACTING EVP ENERGY MANAGEMENT PHONE: +33 1 4129 7000 EMAIL: OLIVIER.BLUM@SCHNEIDER-ELECTRIC.COM | TRADE PAYABLE | | | | $           606,103 |
| 12 | JT THORPE & SON, INC. 1060 HENSLEY ST RICHMOND, CA 94801 UNITED STATES | ATTN: RICH GIARAMITA TITLE: CHIEF EXECUTIVE OFFICER, PRESIDENT PHONE: (855) 773-5141 EMAIL: RICHG@JTTHORPE.COM | TRADE PAYABLE | | | | $           517,921 |
| 13 | TOPSOE INC. HALDOR TOPSØES ALLÉ 1 DK-2800 KGS. LYNGBY, DENMARK | ATTN: ROELAND BAAN TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: +45 4527 2000 EMAIL: BAAN@TOPSOE.COM | TRADE PAYABLE | | | | $           484,026 |
| 14 | EMERSON LLLP 8027 FORSYTH BOULEVARD ST. LOUIS, MO 63105 UNITED STATES | ATTN: LAL KARSANBHAI TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: (888) 889-9170 EMAIL: LAL.KARSANBHAI@EMERSON.COM | TRADE PAYABLE | | | | $           455,614 |
| 15 | CURTIS ELECTRICAL CONSTRUCTION INC 3109 ANTONINO AV BAKERSFIELD, CA 93308 UNITED STATES | ATTN: RICHARD CURTIS TITLE: PRESIDENT PHONE: (661) 325-0323 EMAIL: RICHARD@CECINC.COM | TRADE PAYABLE | | | | $           424,669 |
| 16 | PG & E 300 LAKESIDE DRIVE SUITE 210 OAKLAND, CA 94612 UNITED STATES | ATTN: SUMEET SINGH TITLE: CHIEF OPERATING OFFICER PHONE: (415) 973-1000 EMAIL: SUMEET.SINGH@PGE.COM | TRADE PAYABLE | | | | $           410,421 |
| 17 | EVOQUA WATER TECHOLOGIES LLC 210 SIXTH AVENUE SUITE 3300 PITTSBURGH, PA 15222 UNITED STATES | ATTN: ANTHONY J. WEBSTER TITLE: EXECUTIVE VICE PRESIDENT AND CHIEF HUMAN RESOURCES OFFICER PHONE: (724) 772-0044 EMAIL: ANTHONY.WEBSTER@EVOQUA.COM | TRADE PAYABLE | | | | $           394,151 |
| 18 | AGI SURETRACK LLC 8040 BOND STREET LENEXA, KS 66214 UNITED STATES | ATTN: PAUL HOUSEHOLDER TITLE: DIRECTOR PHONE: (855) 293-5607 EMAIL: PAUL.HOUSEHOLDER@AGGROWTH.COM | TRADE PAYABLE | | | | $           351,025 |
| 19 | LINDE, INC 10 RIVERVIEW DRIVE DANBURY, CT 06810 UNITED STATES | ATTN: SANJIV LAMBA TITLE: CHIEF EXECUTIVE OFFICER PHONE: (844) 445-4633 EMAIL: SANJIV.LAMBA@LINDE.COM | TRADE PAYABLE | | | | $           338,731 |
| 20 | SIEMENS ENERGY, INC, 440 NORTH ALAFAYA TRAIL ORLANDO, FL 32826 UNITED STATES | ATTN: CHRISTIAN BRUCH TITLE: PRESIENT AND CHIEF EXECUTIVE OFFICER PHONE: +49 89 3803 5491 EMAIL: BRUCH.CHRISTIAN@SIEMENS.COM | TRADE PAYABLE | | | | $           307,638 |
| 21 | HONEYWELL INTERNATIONAL INC 855 S MINT ST CHARLOTTE, NC 28202 UNITED STATES | ATTN: VIMAL KUMAR TITLE: CHAIRMAN AND CHIEF EXECUTIVE OFFICER PHONE: (877) 841-2840 EMAIL: VIMAL.KAPUR@HONEYWELL.COM | TRADE PAYABLE | | | | $           287,863 |

Debtor  Global Clean Energy Holdings, Inc.

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | TRINITY SAFETY COMPANY LLC<br>7501 MEANY AVE.<br>BAKERSFIELD, CA 93308 UNITED STATES | ATTN: CHRIS BRANSON<br>TITLE: PRESIDENT<br>PHONE: (661) 587-2389<br>EMAIL: CBRANSON@TRINITYSAFETYCO.COM | TRADE PAYABLE | | | | $         287,546 |
| 23 | STREAMLINE INNOVATIONS INC<br>777 E. SONTERRA BLVD<br>SUITE 200<br>SAN ANTONIO, TX 78258 UNITED STATES | ATTN: DAVID SISK<br>TITLE: CO-FOUNDER, CHIEF EXECUTIVE OFFICER AND DIRECTOR<br>PHONE: (888) 787-6569<br>EMAIL: DAVE.SISK@STREAMLINEINNOVATIONS.COM | TRADE PAYABLE | | | | $         283,453 |
| 24 | ZALCO LABORATORIES, INC.<br>4309 ARMOUR AVE<br>BAKERSFIELD, CA 93308 UNITED STATES | ATTN: ROBERT CORTEZ<br>TITLE: DIRECTOR OF OPERATIONS<br>PHONE: (661) 395-0539<br>EMAIL: CORTEZR@ZALCOLABS.COM | TRADE PAYABLE | | | | $         276,018 |
| 25 | SAVAGE SERVICES CORPORATION<br>901 W LEGACY CENTER WAY<br>MIDVALE, UT 84047 UNITED STATES | ATTN: JEFF ROBERTS<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: (801) 944-6600<br>EMAIL: JEFF.ROBERTS@USU.EDU | TRADE PAYABLE | | | | $         264,748 |
| 26 | ALLIANCE TECHNICAL GROUP, LLC<br>255 GRANT ST SE, STE 600<br>DECATUR, AL 35601 UNITED STATES | ATTN: CHRIS LEMAY<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: (256) 351-0121<br>EMAIL: CHRIS.LEMAY@STACKTEST.COM | TRADE PAYABLE | | | | $         224,046 |
| 27 | UNITED RENTALS NORTH AMERICA<br>100 FIRST STAMFORD PL STE 700<br>STAMFORD, CT 06902 UNITED STATES | ATTN: MATTHEW FLANNERY<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: (203) 622-3131<br>EMAIL: MATTHEW.FLANNERY@UNITEDRENTALS.COM | TRADE PAYABLE | | | | $         218,130 |
| 28 | CTCI AMERICAS INC<br>11490 WESTHEIMER RD<br>SUITE 200<br>HOUSTON, TX 77077 UNITED STATES | ATTN: PATRICK JAMESON<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: (281) 870-9998<br>EMAIL: PATRICK.JAMESON@CTCI.COM | DISPUTED CLAIM | UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 29 | MOLECULE SOFTWARE, INC<br>1333 WEST LOOP SOUTH<br>SUITE 820<br>HOUSTON, TX 77072 UNITED STATES | ATTN: SAMEER SOLEJA<br>TITLE: FOUNDER AND CHIEF EXECUTIVE OFFICER<br>PHONE: (832) 464-4037<br>EMAIL: SAMEER@MOLECULE.IO | TRADE PAYABLE | UNLIQUIDATED, DISPUTED | | | UNDETERMINED |
| 30 | TARGETED GROWTH, INC.<br>1600 FAIRVIEW AVENUE EAST<br>SUITE 300<br>SEATTLE, WA 98102 UNITED STATES | ATTN: ROBERT WOODS<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: (206) 336-5570<br>EMAIL: RWOODS@TARGETEDGROWTH.COM | NOTE PAYABLE | UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

Fill in this information to identify the case and this filing:

Debtor Name   **Global Clean Energy Texas, LLC**

United States Bankruptcy Court for the:   **Southern District of Texas**
(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 04/16/2025 | ☒ */s/ Noah Verleun* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Noah Verleun** |
| | | Printed name |
| | | **Chief Executive Officer** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS ACTION BY WRITTEN CONSENT OF
THE BOARDS OF DIRECTORS, THE BOARDS OF MANAGERS,
AND THE SOLE MEMBERS, AS APPLICABLE, OF GLOBAL CLEAN
ENERGY HOLDINGS, INC. AND CERTAIN OF THE SUBSIDIARIES THERETO**

**April 14, 2025**

The undersigned, being the members of the board of directors, the board of managers, or the sole member (each, a "<u>Governing Body</u>"), as applicable, of each of the entities identified on **<u>Schedule 1</u>** attached hereto (each, a "<u>Company</u>" or "<u>Filing Entity</u>," and collectively, the "<u>Companies</u>" or the "<u>Filing Entities</u>"), hereby take the following actions and adopt the following resolutions by written consent pursuant to the organizational documents of each Company (the "<u>Organizational Documents</u>") and the respective laws of the state of formation of each such Company, as applicable:

**WHEREAS**, on December 17, 2024, the board of directors of Global Clean Energy Holdings, Inc. ("<u>GCEH</u>," and such board of directors, the "<u>Board</u>") determined, in an exercise of its business judgment, that it was advisable and in the best interest of the Company to constitute, and did so constitute, the special committee of the Board (the "<u>Special Committee</u>") for the purpose of, among other things, (a) engaging in an evaluation of a strategic transaction or a series of strategic transactions regarding the Company and its direct and indirect subsidiaries (a "<u>Transaction</u>"), as determined in the discretion of Mr. Arden and Ms. Anhalt (collectively, the "<u>Disinterested Directors</u>"), and (b) taking any necessary action related to any matter related to a Transaction in which a conflict exists or is reasonably likely to exist between the Company, on one hand, and any Related Party,[1] on the other hand (other than the Disinterested Directors) (each such matter, a "<u>Conflicts Matter</u>");

**WHEREAS**, the Board delegated to the Special Committee the non-exclusive authority to review, discuss, consider, negotiate, approve, and authorize the Company's entry into and consummation of a Transaction;

**WHEREAS**, the Board delegated to the Special Committee the exclusive authority to review, discuss, consider, negotiate, approve, authorize, and act upon any Conflicts Matter;

**WHEREAS**, the Governing Bodies have been apprised that the Special Committee has determined, in an exercise of its business judgment, and to the extent that any aspect of the following Transactions constitutes a Conflicts Matter, that it is desirable and in the best interests of each Company and the respective stakeholders for each Company to: (a) enter into that certain restructuring support agreement (as may be amended, modified, or supplemented from time to time, the "<u>Restructuring Support Agreement</u>"), including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, providing for the implementation of the Plan (as defined herein) consistent with the Restructuring Support Agreement, and related disclosures; (b) file that certain joint chapter 11 plan of reorganization for the Companies (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>"), reflecting the terms set

---

[1]    "<u>Related Parties</u>" means any of the Company's equity holders, affiliates, subsidiaries, directors, managers, officers, or other stakeholders.

forth in the Restructuring Support Agreement and that certain disclosure statement supporting the Plan (as may be amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>"); (c) file voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") pursuant to applicable law and in accordance with the requirements of the Organizational Documents and applicable law (together with the transactions contemplated by the Restructuring Support Agreement and incorporated in the Plan and Disclosure Statement, the "<u>Restructuring Matters</u>"); (d) enter into and perform its obligations under the DIP Credit Agreements (as defined below) and the New CTCI Agreement (as defined below); and (e) retain certain professionals (or have GCEH retain professionals) in connection with the foregoing; *provided* that each Company's entry into the DIP Credit Agreements, the Restructuring Support Agreement, and the Plan and determination to file a Bankruptcy Petition shall not be fully approved until such Company obtains separate authority from its respective Governing Body to enter into the DIP Credit Agreements, the Restructuring Support Agreement, and the Plan and to file a Bankruptcy Petition with respect to aspects thereof that do not constitute Conflicts Matters as provided below;

**WHEREAS**, the Restructuring Support Agreement provides that it can be terminated if any Governing Body determines, upon advice of counsel, that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of its fiduciary duties or applicable law;

**WHEREAS**, the Governing Bodies have reviewed and considered certain materials presented by, or on behalf of, the Companies' management team and financial and legal advisors regarding the liabilities, obligations, and liquidity of each Company, the strategic and financial alternatives available to it, and the effect of the foregoing on such Company's business and operations;

**WHEREAS**, the Governing Bodies have reviewed and considered the Restructuring Support Agreement and DIP Documents and have had adequate opportunity to consult with management of the Companies and its financial and legal advisors regarding the Restructuring Support Agreement and DIP Documents, obtain additional information, and fully consider each of the strategic alternatives available to each Company;

**WHEREAS,** the Governing Bodies have reviewed and considered the Plan and the Disclosure Statement and have had adequate opportunity to consult with management of the Companies and its financial and legal advisors regarding the materials, obtain additional information, and fully consider each of the strategic alternatives available to each Company;

**WHEREAS**, the Filing Entities will obtain benefits from:  (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which may be security for certain prepetition secured lenders (the "<u>Prepetition Secured Lenders</u>"), including those Prepetition Secured Lenders party to (i) that certain credit agreement dated as of June 25, 2024, by and among Bakersfield Renewable Fuels, LLC, as borrower, BKRF OCB, LLC and BKRF OCP, LLC, as guarantors, the lenders party thereto, and Vitol Americas Corp., as administrative agent and collateral agent (as may be amended, restated, amended and restated, supplemented, waived, or otherwise modified from

time to time, the "Revolving Credit Agreement," and the facility thereunder, the "Revolving Credit Facility"), and (ii) that certain credit agreement, dated as of May 4, 2020, by and among BKRF OCB, LLC, as borrower, and BKRF OCP, LLC, as holdings, BKRF, as Project Company (as defined therein), the lenders from time to time party thereto, and Orion Energy Partners TP Agent, LLC, as administrative agent and collateral agent (as amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time, the "Term Loan Agreement," and the facility thereunder, the "Term Loan Facility"); and (b) the incurrence of (i) an up to $100 million senior secured superpriority debtor-in-possession revolving credit facility (the "DIP RCF") to be provided to the Debtors by the Consenting RCF Lenders (as defined in the Restructuring Support Agreement) on the terms and conditions set forth in the DIP Term Sheet (as defined in the Restructuring Support Agreement), the DIP Documents (as defined herein), the DIP Orders (as defined in the Restructuring Support Agreement), and on other terms and conditions to be agreed upon by the Debtors and the Consenting RCF Lenders consistent with the DIP Documents, (ii) a $75 million senior secured superpriority debtor-in-possession term loan credit facility (the "DIP Term Loan Facility") to be provided to the Debtors on the terms and conditions set forth in the DIP Term Sheet, the DIP Documents, the DIP Orders, and on other terms and conditions to be acceptable to the Required Consenting Term Loan Lenders (as defined in the Restructuring Support Agreement), consistent with the DIP Documents (the DIP RCF and the DIP Term Loan Facility, collectively, the "DIP Facilities," the credit agreement for the DIP RCF, the "DIP RCF Credit Agreement," the credit agreement for the DIP Term Loan Facility, the "DIP Term Loan Credit Agreement," and the DIP RCF Credit Agreement and DIP Term Loan Credit Agreement, the "DIP Credit Agreements"), and (iii) a Project Management, Procurement, Construction, Operation and Maintenance Support Agreement by and among BKRF and CTCI Americas, Inc. ("CTCI") for the extension of $75 million in credit from CTCI to BKRF, as set forth therein (the "New CTCI Agreement"); and

**WHEREAS**, the Governing Bodies have determined in their respective business judgment, that the adoption of the following resolutions and the actions, transactions, and documentation contemplated thereby are advisable and in the best interests of each Company, their interest holders, their subsidiaries, their creditors, and the other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable Organizational Documents, the Governing Bodies do hereby adopt the following resolutions:

*Restructuring Support Agreement and Chapter 11 Filing*

**BE IT RESOLVED**, that, in the business judgment of each Governing Body, it is desirable and in the best interests of its respective Company (including consideration of its creditors and other parties in interest) that such Company finalize, execute, and deliver the Restructuring Support Agreement, subject to any necessary modifications and final negotiations consistent with these resolutions and, in accordance with the requirements in such Company's Organizational Documents and the applicable laws of the jurisdiction in which such Company is organized, hereby consents to, authorizes, and approves, the entry into the Restructuring Support Agreement;

**RESOLVED**, that, in the business judgment of each Governing Body, it is desirable and in the best interests of its respective Company, its stakeholders, its creditors, and other parties in interest to finalize, execute, and deliver the Restructuring Support Agreement and all other

exhibits, schedules, attachments, and ancillary documents or agreements, subject to necessary modifications and final negotiations, and such Company's performance of its obligations thereunder;

**RESOLVED**, that, in the business judgment of each Governing Body, it is desirable and in the best interests of its respective Company (including consideration of its creditors and other parties in interest) that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, its respective Bankruptcy Petition in the Bankruptcy Court or other court of competent jurisdiction; and, in accordance with the requirements of the Organizational Documents and applicable law, hereby consent to, authorize, approve, confirm, and ratify all actions in connection with the filing of such Bankruptcy Petition;

**RESOLVED**, that any duly appointed officer of each Company (an "Authorized Signatory"), acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, empowered, and directed to execute and file on behalf of its respective Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business;

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, with power of delegation, authorized, empowered, and directed, together with the financial and legal advisors to its respective Company, to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with such Company's chapter 11 case, with a view to the successful prosecution of such case; and

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors to the Companies, to take all actions or to not take any action in the name of the Companies and their direct and indirect subsidiaries, and to execute, acknowledge, deliver, and file any and all such instruments, with respect to the transactions contemplated by the Plan and these resolutions, as such Authorized Signatories shall deem necessary or desirable in such Authorized Signatories' reasonable business judgment;

### *Retention of Professionals*

**BE IT RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to retain on behalf of its respective Company:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (ii) the law firm of Norton Rose Fulbright LLP as local bankruptcy counsel; (iii) Lazard Frères & Co. LLC as investment banker; (iv) Alvarez & Marsal North America, LLC as financial advisor; (v) Epiq Corporate Restructuring, LLC as noticing and claims agent; (vi) Hilco Valuation Services, LLC as appraisal advisor; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Signatories deem necessary, appropriate, or advisable; each to represent and assist the Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Signatories, with the

power of delegation, be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

***Chapter 11 Plan and Disclosure Statement***

**BE IT RESOLVED**, that, in the business judgment of the Governing Bodies, it is desirable and in the best interests of its respective Company, its creditors, and other stakeholders that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents related thereto, and to take any and all actions that the Authorized Signatories deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization that is materially consistent with the Plan;

**RESOLVED**, that the form, terms, and provisions of the Plan and Disclosure Statement are hereby approved by the Governing Bodies; *provided* that, for the avoidance of doubt, the release provisions contained within the Plan remain and are subject to approval by the Special Committee;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors of the Companies, to file all other documents as each, in his or her discretion, may deem necessary or advisable to confirm a chapter 11 plan of reorganization that is materially consistent with the Plan; and

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate a chapter 11 plan of reorganization that is materially consistent with the Plan if confirmed by the Bankruptcy Court.

***Use of Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection***

**BE IT RESOLVED**, that, in order to use and obtain the benefits of (a) the DIP Facilities and (b) the Cash Collateral, and in accordance with section 363 and 364 of the Bankruptcy Code, the Filing Entities will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders and, as applicable, CTCI (collectively, the "Adequate Protection Obligations") documented in proposed orders granting approval of the DIP Facilities and the New CTCI Agreement (the "DIP Orders") and to be submitted for approval to the Bankruptcy Court;

**RESOLVED**, that the form, terms, and provisions of the DIP Orders to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of its obligations under the DIP Credit Agreements and the DIP Orders and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, or any other papers or documents to which the Filing Entities are or will be parties, including, but not limited to, any security and pledge agreement, guaranty agreement, or loan document, including without

limitation any DIP RCF Loan Document (as defined in the DIP RCF Credit Agreement) or DIP Term Loan Document (as defined in the DIP Term Loan Credit Agreement) (collectively with the DIP Orders and the DIP Credit Agreements, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to the Governing Bodies, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that (a) the form, terms, and provisions of the DIP Documents, substantially in the form delivered pursuant to the DIP Credit Agreements and the New CTCI Agreement, (b) each Company's execution and delivery of the DIP Documents, and (c) each Company's performance of its respective obligations (including, without limitation, any guarantee and/or grant of security interests) under any DIP Document, in each case be, and hereby is, in all respects, confirmed, authorized, ratified, and approved;

RESOLVED, that, in accordance with the terms and conditions of the DIP Credit Agreements and the New CTCI Agreement and at the times and in the manner specified therein, as applicable, the applicable borrower may borrow from the lenders party thereto such amounts as may be available to it thereunder, such borrowings to have the maturity, to be payable and prepayable and bear interest at the rates specified in the DIP Credit Agreements and New CTCI Agreement, and that each of the Authorized Signatories at the time in office acting singly is authorized, on behalf of the applicable borrower, to cause such borrower to make the borrowings contemplated by the DIP Credit Agreements and the New CTCI Agreement, the making of such borrowings to be conclusive evidence that the same has been authorized by each Governing Body;

RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code, be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including that each Guarantor (as defined in the applicable DIP Credit Agreements) be and hereby is, authorized to guarantee the payment and performance of the obligations, liabilities, and indebtedness of the applicable borrower arising under, out of, or in connection with, the applicable DIP Credit Agreements or New CTCI Agreement or one or more of the DIP Documents executed and delivered in connection therewith, and any amendments to such DIP Credit Agreements or New CTCI Agreement or other DIP Documents;

RESOLVED, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file or to authorize the respective collateral agents to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Filing Entities that such collateral agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each

case as the applicable collateral agents may reasonably request to perfect the security interests of such collateral agent under the DIP Orders; and

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered in the name of, and on behalf of, the Filing Entities to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each Filing Entity, which shall in their sole judgment be necessary, proper, or advisable to perform the Filing Entities' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

*General Authorization*

**BE IT RESOLVED**, that the Authorized Signatories of each Company shall be, and each of them individually hereby is, authorized for and on behalf of its respective Company to do and perform all such acts to effectuate the purposes and intents of the foregoing resolutions and to enter into, execute and deliver all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to pay all expenses, including, but not limited to, filing fees, that in their business judgment are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of such action or execution thereof);

**RESOLVED**, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Organizational Documents of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, affirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Bodies; and

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of the Governing Bodies, in each case, duly called and constituted, pursuant to the Organizational Documents of the applicable Company and the applicable laws of the jurisdiction in which the Company is organized. This written consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Global Clean Energy Holdings, Inc.**

Signed by:

*Susan Anhalt*

7F7886F69E9F42B...

_____

Susan L. Anhalt


_____

Todd Arden


_____

Phyllis E. Currie


_____

Richard Palmer


_____

Noah Verleun


_____

David R. Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Global Clean Energy Holdings, Inc.**

_____

Susan L. Anhalt

Signed by:

5023DC2A67FD44C... _____

Todd Arden

_____

Phyllis E. Currie

_____

Richard Palmer

_____

Noah Verleun

_____

David R. Walker

        IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Global Clean Energy Holdings, Inc.**

_____
Susan L. Anhalt

_____
Todd Arden

_____
Phyllis E. Currie

_____
Richard Palmer

_____
Noah Verleun

_____
David R. Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Global Clean Energy Holdings, Inc.**

_____
Susan L. Anhalt

_____
Todd Arden

_____
Phyllis E. Currie

_____
Richard Palmer

_____
Noah Verleun

_____
David R. Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Global Clean Energy Holdings, Inc.**

_____
Susan L. Anhalt


_____
Todd Arden


_____
Phyllis E. Currie


_____
Richard Palmer


_____
Noah Verleun


_____
David R. Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Global Clean Energy Holdings, Inc.**

 

_____

Susan L. Anhalt

 

_____

Todd Arden

 

_____

Phyllis E. Currie

 

_____

Richard Palmer

 

_____

Noah Verleun

_David Walker_
DF785AA0F194435...

David R. Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**GCE Holdings Acquisitions, LLC**

*Wade Adkins*
_____
Wade Adkins

_____
Antonio D'Amico

_____
Noah Verleun

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**GCE Holdings Acquisitions, LLC**

_____
Wade Adkins

_____
Antonio D'Amico

_____
Noah Verleun

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**GCE Holdings Acquisitions, LLC**

_____
Wade Adkins

_____
Antonio D'Amico

_____
Noah Verleun

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Agribody Technologies, Inc.**

*Wade Adkins*
_____
Wade Adkins


_____
Antonio D'Amico


_____
Noah Verleun

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Agribody Technologies, Inc.**

_____
Wade Adkins

_____
Antonio D'Amico

_____
Noah Verleun

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Agribody Technologies, Inc.**

_____
Wade Adkins

_____
Antonio D'Amico

_____
Noah Verleun

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Sustainable Oils, Inc.**

*Wade Adkins*
_____
Wade Adkins


_____
Antonio D'Amico


_____
Noah Verleun


_____
David Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Sustainable Oils, Inc.**

_____
Wade Adkins

_____
Antonio D'Amico

_____
Noah Verleun

_____
David Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Sustainable Oils, Inc.**

_____

Wade Adkins


_____

Antonio D'Amico

_____

Noah Verleun


_____

David Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Sustainable Oils, Inc.**

_____
Wade Adkins

_____
Antonio D'Amico

_____
Noah Verleun

_____
David Walker

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above. This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**BKRF HCB, LLC**

_____
Noah Verleun


_____
Antonio D'Amico

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**BKRF HCB, LLC**

_____
Noah Verleun

_____
Antonio D'Amico

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.  This written consent may be executed by facsimile, email transmission, or other electronic means, and such facsimile, email transmission, or other electronic means shall be valid and binding to the same extent as if it were an original.

**Rosedale FinanceCo, LLC**

By:    GCE Holdings Acquisitions, LLC
Its:    Sole Member

_____
Noah Verleun

**BKRF HCP, LLC**

By:    Rosedale FinanceCo, LLC
Its:    Sole Member

_____
Noah Verleun

**BKRF OCP, LLC**

By:    BKRF HCB, LLC
Its:    Sole Member

_____
Noah Verleun

**BKRF OCB, LLC**

By:    BKRF OCP, LLC
Its:    Sole Member

_____
Noah Verleun

**Bakersfield Renewable Fuels, LLC**

By:    BKRF OCB, LLC
Its:     Sole Member

_____
Noah Verleun


**GCE International Development, LLC**
**GCEH Ventures, LLC**
**GCE Operating Company, LLC**
**Global Clean Energy Texas, LLC**

By:    Global Clean Energy Holdings, Inc.
Its:     Sole Member

_____
Noah Verleun


**GCEH CS Acquisition, LLC**

By:    GCEH Ventures, LLC
Its:     Sole Member

_____
Noah Verleun

## Schedule 1

Global Clean Energy Holdings, Inc.
GCE Holdings Acquisitions, LLC
Rosedale FinanceCo LLC
BKRF HCP, LLC
BKRF HCB, LLC
BKRF OCP, LLC
BKRF OCB, LLC
Bakersfield Renewable Fuels, LLC
Agribody Technologies, Inc.
Sustainable Oils, Inc.
GCE International Development, LLC
GCEH Ventures, LLC
GCEH CS Acquisition, LLC
GCE Operating Company, LLC
Global Clean Energy Texas, LLC